**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEFEND ARLINGTON, C/O SAVE SOUTHERN HERITAGE FLORIDA, *et al.*, | Civil Action No. 23-CV-441 |
| and | |
| Roy P. Hudson, *et al.,* | Civil Action No. 23-CV-2094 |
| Plaintiffs, | Hon. Beryl A. Howell |
| v. | |
| UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, | |

---

**MOTION AND SUPPORTING MEMORANDUM OF LAW AND POINTS OF AUTHORITY FOR IMMEDIATE EMERGENCY ADMINISTRATIVE STAY**

---

*/s/ H. Edward Phillips III*
Henry Edward Phillips III
Bar ID: TN0026
The Law Office of H. Edward Phillips, PLLC
Post Office Box No. 681764
Franklin, TN 37064
Email: edward@phillipslawpractice.com
Phone: 615-400-2282
*Attorneys for Plaintiffs Roy P. Hudson, et.al.*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................... iii

CONCISE STATEMENT OF ISSUE THE ISSUE PRESENTED …..……………………… iv

STATEMENT OF THE CASE................................................................................................. 2

ARGUMENT ........................................................................................................................... 6

CONCLUSION AND REQUEST FOR IMMEDIATE RELIEF ................................................ 11

CERTIFICATE OF SERVICE …………………………………………………………………… 12

## TABLE OF AUTHORITIES

**\*\*<u>Cases</u>**

*Texas v. Biden,*
*554 F. Supp. 3d 818, 858 (N.D. Tex. 2021)*..............................................................................2

*Nken v. Holder,*
556 U.S. 418, 434 (2009)……………………………………………...……6

*United States v. Verlinsky,*
*459 F.2d 1085 (5th Cir. 1972)*...……………………………….……………………6

*Connecticut Hosp. Ass'n v. O'Neill,*
*863 F.Supp. 59 (D.Conn.1994)*……………………………………...……6

*United States v. State of Michigan.,*
*505 F.Supp. 467 (W.D.Mich.1980)*…………………………….……………………6

<u>**Legislative Reference**</u>

William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021........2

Pub. L. No. 116- 283, § 370(b), 134 Stat. 3388, 3553 (2021)………………….…..……….…2

§ 370(a), (c)(4), and (g)……………………………………………….……………....…..2

<u>**Statutes**</u>

42 U.S.C. § 4321 et seq.……………………………………………...……4

54 U.S.C. § 300101 et seq.…………………………………………………..…4

<u>**Local Rules**</u>

LCvR 7(m)……………………………………………………………..2

\*\* All cases relied upon equally for the cited propositions.

## CONCISE STATEMENT OF THE ISSUE PRESENTED

*Whether This Court Should an Immediate Emergency Administrative Stay of This Case Pending Plaintiffs' Appeal to The United States Court of Appeals for The District of Columbia.*

Movants answer: Yes

Defendants answer: No

This Court should answer: Yes

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEFEND ARLINGTON, C/O SAVE SOUTHERN HERITAGE FLORIDA, *et al.*, | Civil Action No. 23-CV-441 |
| and | |
| Roy P. Hudson, *et al.,* | Civil Action No. 23-CV-2094 |
| Plaintiffs, | Hon. Beryl A. Howell |
| v. | |
| UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, | |

---

**MOTION AND SUPPORTING MEMORANDUM OF LAW & POINTS OF AUTHORITY FOR IMMEDIATE EMERGENCY ADMINISTRATIVE STAY**

---

COME NOW Plaintiffs, by and through their Undersigned Counsel of Record, and respectfully pray the Court for entry of an order staying implementation of the Court's Memorandum Opinion and Judgment entered on December 12, 2023, on the ground that Plaintiffs will suffer irreparable harm absent a stay and are likely to prevail on appeal. To give this Court and, if necessary, the United States Circuit Court of Appeals for the District of Columbia Circuit, time to rule on that request, Plaintiffs seek an immediate administrative stay of the Court's Memorandum Opinion and Order. Plaintiffs respectfully request that the administrative stay last until the Court rules on a stay pending appeal or, if the Court denies a stay pending appeal, until the Circuit Court for the District of Columbia rules on a request for a stay pending appeal so long

1

as Plaintiffs file that request within seven (7) days of this Court's denial. *See Texas v. Biden*, 554 F. Supp. 3d 818, 858 (N.D. Tex. 2021) (granting 7-day stay to pursue appellate relief).

Pursuant to LCvR 7(m), the undersigned counsel via email on December 14, 2023, discussed this motion with opposing counsel, who stated that Defendants do not consent to the requested relief. A proposed Order is attached. The removal has begun, see Exhibit 1.

In support of such motion, Plaintiffs respectfully show unto the Court that:

## STATEMENT OF THE CASE

Section 370 of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 ("NDAA"), enacted on January 1, 2021, requires the Secretary of Defense to "establish a commission relating to assigning, modifying, or removing of names, symbols, displays, Memorials, and paraphernalia to assets of the Department of Defense that commemorate the Confederate States of America [(commonly referred to as the 'Confederacy')] or any person who served voluntarily with the Confederate States of America." Pub. L. No. 116- 283, § 370(b), 134 Stat. 3388, 3553 (2021). This Naming Commission (the "Commission") is required, among other things, to "develop a plan to remove [these] names, symbols, displays, Memorials, or paraphernalia" and "present a briefing and written report" to the Committees on Armed Services of the Senate and House of Representatives. Id. § 370(c)(4), (g). At least 90 days after this briefing and written report, but "[n]ot later than three years after the date of the enactment of this Act," i.e., January 1, 2024, "the Secretary of Defense shall implement the plan submitted by the commission . . . and remove all names, symbols, displays, Memorials, and paraphernalia that honor or commemorate the Confederate States of America . . . or any person who served voluntarily with the Confederate States of America from all assets of the Department of Defense." Id. § 370(a), (g).

2

On September 19, 2022, the Naming Commission published the third and final part of its Final Report to Congress (the "Final Report" or "Report"), which considered all Department of Defense ("DOD") assets that had not already been addressed in the first two parts. See Notice of Refiling of Exhibit, Ex. 1 ("Final Report"), ECF No. 30-1. In relevant part, the Report concluded that the Confederate Reconciliation Memorial (the "Memorial"), as symbol of the Nation's in the post-Civil War period, and erected in 1914 in Section 16 of the Arlington National Cemetery ("ANC"), was a Memorial "within its remit" that "offers a nostalgic, mythologized version of the Confederacy, including highly sanitized depictions of slavery." *Id.* at 15. After "explor[ing] alternatives . . . to removal," such as contextualizing the Memorial, and examining whether removal would cause "any disturbance to adjacent graves," the Commission recommended that "[t]he statute atop of the Memorial" and "[a]ll bronze elements on the Memorial" be removed, but "preferably leaving the granite base and foundation in place to minimize risk of inadvertent disturbance to graves." *Id.* at 16.

On October 6, 2022, Secretary of Defense Lloyd Austin issued a memorandum "concur[ring] with all of the Naming Commission's recommendations," "committ[ing] to implementing all of the Commission's recommendations as soon as possible," and "direct[ing] the relevant DoD and Office of the Secretary of Defense (OSD) Component heads to begin planning for [such] implementation" ("October 2022 Memorandum"). See Defs.' Mot. To Dismiss, Ex. 2 at 1 ("Oct. 2022 Memo"), ECF No. 10-2; see also Compl. ¶ 30 ("D.A. Compl."), ECF No. 1.1 On January 5, 2023, Under Secretary of Defense for Acquisition and Sustainment William LaPlante directed all DOD organizations to use existing military resources to begin full implementation of the Naming Commission's recommendations, including with respect to the Memorial. See D.A. Compl. ¶ 30.

Two sets of plaintiffs brought actions against the DOD, Secretary of Defense Lloyd Austin, Under Secretary of Defense for Acquisition and Sustainment William LaPlante, the United States Department of the Army (the "Army"), and Secretary of the Army Christine Wormuth, alleging that defendants' decision to implement the Naming Commission's recommendation to remove immediately the Memorial from the ANC violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.; the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq.; the National Historic Preservation Act ("NHPA"), 54 U.S.C. § 300101 et seq.; and the Federal Advisory Committee Act of 1972 ("FACA"), Pub. L. No. 92-463. See D.A. Compl. ¶¶ 1, 95–131; Compl. ¶¶ 1, 101–21 ("Hudson Compl."), Hudson v. Dep't of Defense, No. 23-cv-2094, ECF No. 1. Plaintiffs in Defend Arlington v. Department of Defense, No. 23-cv-441, are Defend Arlington; Save Southern Heritage Florida; Friends of Judah P. Benjamin Camp of the Sons of Confederate Veterans; Harold Edgerton; Edwin Kennedy, Jr.; Richard Moomaw; and Teresa Roane ("Defend Arlington Plaintiffs"), all of whom share related missions "dedicated to the preservation of Southern- American heritage and Confederate and Jewish Veterans," "to preserve the history of the South for future generations," and "to defend the good name of the Confederate Veteran and preserve their history into future generations." D.A. Compl. ¶¶ 4, 8, 12. Plaintiffs in Hudson v. Department of Defense, No. 23-cv-2094, are Roy Hudson Jr.; Derek Underwood; Steven Heishman; Britton Earnest Sr.; and the Sons of Confederate Veterans, Inc. ("Hudson Plaintiffs"); the individuals are descendants of confederate soldiers, and the Sons of Confederate Veterans, Inc. is a nonprofit fraternal organization "with a mission to honor and protect the legacy of those who had fought for the Confederacy." Hudson Compl. ¶¶ 4–24.

On December 12, 2023. this Court granted defendants motions to dismiss the complaint in Defend Arlington and in Hudson for lack of standing pursuant to Federal Rule of Civil Procedure

12(b)(1), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' motions for a for a preliminary injunction "to preserve the status quo" and enjoin defendants, "their representatives, contractors, agents, employees, or others acting at the behest of or with permission of [d]efendants, from taking any further actions to tear down, remove, deconstruct, destroy, or otherwise alter the object of this controversy—the Confederate Reconciliation Memorial and grave marker located at Section 16 of Arlington National Cemetery—pending a final resolution of this action was denied as being moot.

Defendants have specifically informed Plaintiffs and their respective counsels that Defendants will start the process of removal of the Reconciliation Memorial, Section 16 at Arlington National Cemetery on or about December 18, 2023. Plaintiffs and their counsel have specifically objected to such contemplated action by a letter to the United States Department of Justice, a copy of which has been filed with this Court.[1] In addition to Plaintiffs' correspondence attached hereto, a letter was also sent to Secretary of Defense Llyod Austin by forty-four members of the United States House of Representatives related to Congressional intent under the 2021 NDAA not to include the Memorial, which is the *res* of this case, as it commemorates "reconciliation and national unity[,]" and exceeds "the Naming Commission's authority[, which] explicitly prohibits the desecration of grave sites."[2]

## <u>STANDARD OF REVIEW</u>

In deciding a motion to stay an order pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

---

[1] Please find attached the letter of Plaintiff's counsel to counsel for Defendants attached hereto as *Exhibit* 2.

[2] Please see the December 11, 2023 letter to Secretary of Defense Austin attached hereto as *Exhibit 3*.

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## **ARGUMENT**

The interests of justice and judicial economy will be served by entering an order granting a limited administrative stay pending appeal by Plaintiffs.

Rule 62(a) of the Federal Rules of Civil Procedure specifically provides for and contemplates an automatic stay of enforcement of a judgment for a period of thirty days. This thirty-day window is intended to allow meaningful communication between counsel and client, as well as a reasoned assessment of whether or not the losing party should seek relief under Rules 59 or 60 (as the case may be) or to file notice of appeal and seek entry of a formal stay of proceedings. 11 Fed. Prac. & Proc. Civ. § 2902 (3d ed. 2023). The automatic stay becomes ineffective after 30 days from the entry of judgment. *United States v. Verlinsky,* 459 F.2d 1085 (5th Cir. 1972). In ruling on a motion for stay pending appeal, district court's objective is to preserve the status quo during pendency of appeal.   *Connecticut Hosp. Ass'n v. O'Neill*, 863 F.Supp. 59 (D.Conn.1994). In other words, the purpose of staying a district court judgment pending an appeal is to preserve, not change, the status quo. *United States v. State of Michigan*., 505 F.Supp. 467 (W.D.Mich.1980).

As explained below and in Plaintiffs' previous submissions, there is the prospect of serious and irreparable harm if Defendants were to be permitted to initiate their efforts to deconstruct and remove the Reconciliation Memorial. Indeed, there are compelling reasons which justify the entry of an order staying these proceedings until the Court of Appeals addresses the very issues presented in the present case: (1) the standing of a commemorative organization to bring an action challenging the removal of an object of remembrance such as a Memorial; and (2) whether such an action states a claim upon which relief could be granted.

Arlington National Cemetery, the Nation's most prominent military cemetery, is on the National Register of Historic Places and is the final resting place for more than 400,000 veterans of every American conflict, from the Revolutionary War to the wars in Iraq and Afghanistan. Since its founding in 1864, ANC has provided a solemn place to reflect upon the sacrifices made by the men and women of the United States Armed Forces on behalf of our country.

The Civil War was a critical and defining conflict in our nation's history, and service members who perished during the Civil War are rightly recognized and buried at ANC. Indeed, ANC was created and founded as a direct result of the Civil War on property previously owned by and resided upon by Mary Custis Lee, her husband, General Robert E. Lee, and their family.

The Confederate Section of ANC contains an area that was specially set aside and designated by Congress to reinter the remains of approximately 260 Confederate soldiers who died in prisoner-of-war camps, in hospitals, and on battlefields near Arlington. After Section 16 was established, the Memorial was erected. Section 16 continued to be an active burial site for Southern veterans and their spouses into the 1960s. The Memorial itself is a grave marker not only for the artists Moses Ezekiel, but a grave marker for all the Confederate dead of the war many of whom rest in mass graves as unknown soldiers.

Additionally, Section 16 has its roots in the late 1890s after the conclusion of the Spanish-American War, and it came about through the efforts of by President William McKinley after his travels across the American South as part of his tour of the United States following the defeat of Spain. During this tour, he witnessed the deplorable state of Confederate graves across the region, and he committed himself, as well as the nation take suitable action to remedy the situation. President McKinley himself was a veteran of the Civil War, having enlisted as a private and mustered out at the end of the conflict as a brevet Major in the Union Army. McKinley's intention

7

that the Memorial was to be a symbol of reconciliation between the North and South in the post-Spanish American War era is made clear in a speech he delivered in Atlanta, Georgia in which he proclaimed that "in the spirit of fraternity we should share with you in the care of the graves of Confederate soldiers . . . . Sectional feeling no longer holds back the love we feel for each other. The old flag again waves over us in peace with new glories."

In response to President McKinley's call for action, in 1900, Congress authorized the re-internment of the remains of 262 Confederate soldiers then buried at ANC.  Unveiled in 1914 and dedicated by President Woodrow Wilson, the Memorial designed by noted American sculptor Moses Jacob Ezekiel, a Confederate veteran and the first Jewish graduate of Virginia Military Institute, embodies the fulfillment of the commitment made earlier by President McKinley to reconcile the Nation and the support shown by Congressional action in 1900. Ezekiel originally named the Memorial the "New South Memorial," despite the artist's chosen name, it is commonly referred to as the Reconciliation Memorial. Moses Ezekiel desired to be interred at the base of his sculpture, which occurred in 1921 four years after his death in 1917 due to delays occasioned by the First World War. When the artist was finally laid to rest, it was within a couple of feet from the Memorial's base with a footstone marking his grave rather than the traditional white marble headstone which is authorized for use at Confederate graves in ANC. The remains of three Confederate officers (and two of their spouses) are also interred within several feet of the base of the Memorial. In sum, the graves of the approximately 487 Southern service personnel and their spouses are arranged in concentric circles around the Memorial and the six specific graves which it marks.

The ANC website itself states, "The history of the Confederate Memorial embodies the complex and contested legacy of the Civil War at Arlington National Cemetery, and in American culture generally." The ANC site further explained:

> The Confederate Memorial offers an opportunity for visitors to reflect on the history and meanings of the Civil War, slavery, and the relationship between military service, citizenship and race in America. This memorial, along with the segregated United States Colored Troops graves in Section 27, invites us to understand how politics and culture have historically shaped how Americans have buried and commemorated the dead. Memorialization at a national cemetery became an important marker of citizenship — which, in the post-Reconstruction era, was granted to white Civil War veterans, Confederate or Union, but not to African American soldiers who had served their country. In such ways, the history of Arlington National Cemetery allows us to better understand the complex history of the United States.

Traditionally, most Presidents, from Wilson onwards, have laid a wreath of flowers at the Memorial on Veterans' Day, carrying forward the tradition of reconciliation represented by Section 16 and the Memorial. President Obama continued the tradition, and he expanded it by sending a wreath to the national Memorial dedicated to the African American soldiers and sailors who fought in the American Civil War.

The removal of the Memorial frustrates the mission of the SCV by redirecting resources that would be used for preservation of historic artifacts, memorials, educational efforts, programs, and advocacy associated with its affiliated regional, state, and local entities, which must now confront the imminent threat of destruction of a significant part of American and Southern history at ANC. Furthermore, Plaintiff SCV's organizational resources have been diverted and diminished to challenge this agency action due to the irreversible nature of the damage that would result from any implementation of the agency's decision. The Memorial, as well as the surrounding grounds on which it stands, is a priceless Memorial, accepted by President Wilson on behalf of the American People recognizing its extraordinary significance to American history and cultural

9

heritage which represents a symbol of reconciliation aimed at healing a country divided during a brutal Civil War.

While some may be offended by the Memorial and the veterans whom it commemorates, others are inspired and are called to recall achievements. How such competing viewpoints are to be addressed or reconciled are questions to be addressed in the marketplace of ideas. Whether the Memorial is to remain where it has stood for more than one hundred years is a question of public policy to be determined by the political entities having jurisdiction over the same. This is underscored by the fact that such determinations must be made in accord with due process and controlling law, which the Defendants have failed to do. Rather *ad hominem* attacks and appeals to rewrite history which consciously refuse to consider the entirety of the lives and brutal deaths of the veterans the Memorial commemorates, has become the standard of the day and those choosing to require that the only veterans worthy of remembrance and honor must have views entirely consistent with the observer making the decision.

The prominence and history of the Memorial in in Section 16 of ANC is clear and undeniable. There is no compelling reason, either in fact or in law, for Defendants to be allowed to move forward with removal and destruction of the Memorial while Plaintiffs' appeal is pending. Leaving aside the question of the shear cost of such efforts, it is patently unfair and inappropriate for Defendants to undertake pre-emptive action to remove and destroy the very *res* which is the subject of this litigation without having the matter come to a final decision in a court of law.

While there are those who assert that the Memorial is offensive to their sensibilities or is based upon a denial of historical fact, the essential truth of the matter is that legitimate questions of evidentiary fact and controlling law have been raised in this litigation. If Plaintiffs' position is

10

vindicated on appeal, two conclusions will flow from that result: (1) a commemorative organization will be deemed to have standing to bring an action challenging the removal of an object of remembrance such as a Memorial; and (2) such an action states a claim upon which relief could be granted under the laws of the United States.

If Defendants are allowed to proceed to remove and destroy the Memorial while Plaintiffs' appeal is pending, Plaintiff would have been denied due process of law by an unjustified rush to judgment and destruction fueled by political sensibilities. The questions raised in this proceeding should be determined judicially by neutral application of the law in the august chambers designed for such judgments. Defendants cannot show that they will suffer unfair prejudice by entry of an order granting a stay pending appeal.

## <u>CONCLUSION</u>

With the work already beginning at Arlington Nation Cemetery for the removal of the Memorial, including all of the reasons stated above, Plaintiffs respectfully request that the Court grant a stay pending appeal upon such terms and conditions as might be deemed appropriate in the Court's discretion.

Respectfully Submitted,

*/s/ H. Edward Phillips III*
Henry Edward Phillips III
Bar ID: TN0026
The Law Office of H. Edward Phillips, PLLC
Post Office Box No. 681764
Franklin, TN 37064
Email: edward@phillipslawpractice.com
Phone: 615-400-2282
*Attorneys for Plaintiffs Roy P. Hudson, et.al.*

Dated: December 17, 2023

11

## CERTIFICATE OF SERVICE

I hereby that on this 17th day of December, 2023, a copy of the foregoing Appearance of Counsel was electronically filed with the Clerk of the Court using the Court's CM/ECF system. All registered CM/ECF users will be served using the Court's CM/ECF system.

*/s/ H. Edward Phillips III*
Henry Edward Phillips III

# EXHIBIT 1

(Section 16, Arlington National Cemetery – December 17, 2023 – Removal Process Has Begun)

Basis for Emergency Stay









**Interreference with Graves – Walking Across the Graves of Deceased Veterans and their Spouses**

# EXHIBIT 2

## THE LAW OFFICE OF H. EDWARD PHILLIPS, PLLC

POST OFFICE BOX NO. 681764
FRANKLIN, TENNESSEE 37068
OFFICE: (615) 400-2282
FAX: (615) 503-6940
EDWARD@PHILLIPSLAWPRACTICE.com

Licensed in Tennessee (1994)
North Carolina (2002)

December 15, 2023

Via Email to: Gregory.Cumming@usdoj.gov

Mr. Gregory M. Cumming, Esq.
U.S. Department of Justice
Envi. & Nat. Res. Div. – Nat. Res. Sec.
150 M Street, N.E.
Washington, D.C. 20002

*In Re: Defend Arlington, et. al. & Roy P. Hudson, et al. v. U.S. Dept. of Def., et. al.*
*Case Nos. 23-cv-441 & 23-cv-02094 – 30-Day Stay of Order Fed. R. Civ. Pro. 62(a)*

Dear Gregory:

As you know, we are working to file our motion for a stay and emergency administrative stay post haste. We are specifically informed that the named Defendants will start the process of removal of the *Reconciliation Memorial,* Sec. 16 at *Arlington National Cemetery* on or about December 18th ending by Christmas Eve, and ensuring that the Memorial remain in place through Wreaths Across American and Hanukkah. While we may disagree with the result of the Court's Order of Dec. 12, 2023, we understand your clients will move forward.

However, we call your attention Fed. R. Civ. Pro. 62(a), which specifically provides for and contemplates an automatic stay of enforcement for thirty days. In this regard, I refer you to § 2902 – *Automatic Stay, Wright & Miller on Federal Practice and Procedure* in which it is made abundantly clear that this thirty-day window is intended to allow meaningful communication between counsel and client, as well as a reasoned assessment of whether or not the losing party should seek relief under Rules 59 or 60 (as the case may be) or to file Notice of Appeal and seek entry of a formal stay of proceedings.

With sincere regards,

H. Edward Phillips III

cc:    Ms. Karen C. Bennett, Esq.
       *Counsel for Defend Arlington*

# EXHIBIT 3

## Congress of the United States
### Washington, DC 20515

December 11, 2023

The Honorable Lloyd J. Austin III
Secretary of Defense
1000 Defense Pentagon,
Washington, DC 20301

Dear Secretary Austin,

We write to you today to demand that the Department of Defense immediately suspend all removal activities related to the Reconciliation Monument located in Arlington National Cemetery until Congress completes the Fiscal Year 2024 appropriations process. As its removal does not align with the original intent of Congress, outlined in Section 370 of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 (P.L. 116-283)[1], the House of Representatives took action to prevent the removal of the Reconciliation Monument in the Fiscal Year 2024 Department of Defense Appropriations Act.[2] The Department of Defense must comply with this request or risk denigrating the delicate balance of the principles of separation of powers between Congress and the Executive, outlined in the Constitution.

As you well know, in 1898, following the Spanish-American War, where Union and Confederate veterans fought side-by-side under one flag, President William McKinley declared in the heart of the South, Atlanta, Georgia, that the U.S. government would commit to sharing in the burden of honoring and properly burying the Confederate dead, stating, "sectional feelings no longer holds back the love we feel for each other. The old flag waves over us in peace with new glories."[3] In 1900, Congress authorized Confederate remains to be buried at Arlington National Cemetery, and in 1906, Secretary of War, William Howard Taft, permitted construction of a monument honoring our country's new shared reconciliation from its troubled divisions. Finally, in 1914, President Woodrow Wilson unveiled this new memorial to national unity – designed by a Jewish-American sculptor, the memorial is topped with a woman crowned by an olive wreath to symbolize peace.[4]

Beginning with the unveiling of the statue and carrying on through modern times, each year, it is custom for the President to send a wreath to the memorial. This tradition, which demonstrates tremendous national unity and respect, has been carried on regardless of the party or politics of the

---

[1] Section 370 of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 (P.L. 116-283).
[2] H.Amdt.364 to H.R.4365, introduced by Rep. Andrew S. Clyde (R-GA), and passed the House of Representatives on September 27, 2023.
[3] Section 16, Arlington National Cemetery
[4] Ibid.

sitting President. Even President Barack Obama understood the importance of the Reconciliation Monument in the context of what it stands for, unity not division, when he continued the presidential tradition of sending a wreath to the monument in 2009.[5]

Furthermore, former Democrat U.S. Senator Jim Webb from Virginia, a decorated Marine Corps officer who served combat tours in Vietnam and as the Secretary of the Navy, recently published an opinion piece in the Wall Street Journal about the Reconciliation Monument at Arlington. In his op-ed, Senator Webb describes his own journey of reconciliation following his combat tours in Vietnam. He explains how he hosted a delegation of Vietnamese officials in Washington to encourage them to be peaceful toward former South Vietnamese veterans, who were labeled and treated as traitors after the war. Senator Webb recalls how to make his point to the delegation, he brought them to the Reconciliation Monument in Arlington, pointing across the Potomac toward the Lincoln Memorial, indicating that old wounds can be healed. The Virginia Democrat concludes, "If [the monument] is taken apart and removed… it would send a different message, one of a deteriorating society willing to erase the generosity of its past, in favor of bitterness and misunderstanding."[6]

Despite bipartisan support for this monument, the Naming Commission, established by the Fiscal Year 2021 National Defense Authorization Act, clearly overstepped its legislative authority when it recommended that the Department of the Army remove the Reconciliation Monument from Arlington National Cemetery. The Naming Commission's authority, provided by Congress, empowers these individuals to recommend removal of "all names, symbols, displays, monuments, and paraphernalia that honor or commemorate the Confederate States of America."[7] Yet, as described previously, the Reconciliation Monument does not honor nor commemorate the Confederacy; the memorial commemorates reconciliation and national unity. Furthermore, the Naming Commission's authority explicitly prohibits the desecration of grave sites. Considering the hundreds of gravestones encircling the monument, it would be impossible for these graves to remain untouched if the Department of the Army proceeds with its proposed removal of the monument – both being a clear violation of Congress' enacted statute and legislative intent.[8]

For all of the reasons described previously, earlier this year, the House of Representatives passed H.R. 4365, the Fiscal Year 2024 Department of Defense Appropriations bill, which included House Amendment 364, introduced by Rep. Andrew Clyde (R-GA), that would prevent the Department of Defense from using FY24 funds to administer, implement, or enforce (1) the proposed action outlined in the Notice published by the Department of Army to the Federal Register on August 4, 2023 (88 Fed. Reg. 51786); or (2) recommendations of the Naming Commission regarding any monument in Arlington National Cemetery.[9]

---

[5] Ibid.

[6] Save the Confederate Memorial at Arlington, Former United States Senator Jim Webb (D-VA), Wall Street Journal, August 18, 2023.

[7] Subsection (a) of Section 370 of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 (P.L. 116-283).

[8] Subsection (j) of Section 370 of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 (P.L. 116-283).

[9] H.Amdt.364 to H.R.4365, introduced by Rep. Andrew S. Clyde (R-GA), and passed the House of Representatives on September 27, 2023.

Therefore, we are demanding that the Department of Defense immediately suspend all removal activities of the Reconciliation Monument located in Arlington National Cemetery until Congress completes the Fiscal Year 2024 appropriations process. The Department of Defense must respect Congress' clear legislative intentions regarding the Naming Commission's legislative authority, and to move forward with removal of the Reconciliation Monument would be a clear affront to the separation of powers principles outlined by our Founding Fathers in our Constitution.

We look forward to your response by December 15, 2023.

Sincerely,

Andrew S. Clyde
Member of Congress

Mike Rogers
Member of Congress

Ken Calvert
Member of Congress

Jeff Duncan
Member of Congress

Andy Biggs
Member of Congress

Ralph Norman
Member of Congress

Clay Higgins
Member of Congress

Anna Paulina Luna
Member of Congress

Randy K. Weber
Member of Congress

Eli Crane
Member of Congress

Michael Cloud
Member of Congress

Bob Good
Member of Congress

Robert J. Wittman
Member of Congress

Eric Burlison
Member of Congress

Andy Harris, M.D.
Member of Congress

Bill Posey
Member of Congress

Dan Bishop
Member of Congress

Tom Tiffany
Member of Congress

Scott DesJarlais, M.D.
Member of Congress

Harriet M. Hageman
Member of Congress

Glenn Grothman
Member of Congress

Alex Mooney
Member of Congress

John H. Rutherford
Member of Congress

Chuck Edwards
Member of Congress

Jerry L. Carl
Member of Congress

Dale W. Strong
Member of Congress

Andy Ogles
Member of Congress

Chuck Fleischmann
Member of Congress

Lisa C. McClain
Member of Congress

Matthew M. Rosendale, Sr.
Member of Congress

Robert B. Aderholt
Member of Congress

David Rouzer
Member of Congress

August Pfluger
Member of Congress

Keith Self
Member of Congress

John Carter
Member of Congress

Paul A. Gosar, D.D.S.
Member of Congress

Ronny L. Jackson
Member of Congress

Sam Graves
Member of Congress

Ben Cline
Member of Congress

Russell Fry
Member of Congress

Ryan Zinke
Member of Congress

Lance Gooden
Member of Congress

John Rose
Member of Congress

Wesley P. Hunt
Member of Congress

CC:

The Honorable Christine E. Wormuth
Secretary of the Army
101 Army Pentagon,
Washington, DC 20310

The Honorable Karen Durham-Aguilera
Executive Director
Office of Army Cemeteries
1 Memorial Ave,
Arlington, VA 22211

The Honorable Charles R. Alexander, Jr.
Superintendent
Arlington National Cemetery
1 Memorial Ave,
Arlington, VA 22211

Advisory Committee on Arlington National Cemetery
Arlington National Cemetery
1 Memorial Ave,
Arlington, VA 22211